UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

RACHEL CONCEPCION, et al.,            )        CIV. ACTION NO. 86-0004
                                      )
            Plaintiffs,               )
                                      )
        vs.                           )        DECISION AND ORDER
                                      )
AMERICAN INTERNATIONAL KNITTERS       )
CORPORATION and WILLIE TAN,           )
                                      )
            Defendants.               )
_____)

Plaintiffs have asked this Court to impose Rule 11 sanctions on defendants, on the ground that defendants' Motion to Dismiss this action, following so closely as it did defendants' removal of the action to this Court, was frivolous and done to vex and harass plaintiffs. Plaintiffs base their request on these facts:

Defendants here are plaintiffs in AIKC, INC., v. ECHON, et al., Commonwealth Trial Court Civil Action No. 86-113, filed March 27, 1986. Less than an hour after filing their lawsuit, defendants here were named as defendants in CONCEPCION, et al., v. AIKC, INC. and WILLIE TAN, Commonwealth Trial Court Civil Action No. 86-114.

On April 21, 1986, defendants filed their Petition for Removal of Civil Action No. 86-114 to this Court. The Removal was based on 28 U.S.C. §1441. Defendants cited 29 U.S.C. §201 et. seq. as grounds for removal and verified in their petition

594

that "the above described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1331 and is one which may be removed to this Court" .... * * * The action is one arising under the Fair Labor Standards Act..."

Seven days later defendants moved to dismiss the action, claiming a lack of jurisdiction in this Court.

Rule 11 of the Federal Rules of Civil Procedure states in relevant part that:

> [T]he signature of an attorney... constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument..., and that it is not imposed for any improper purpose, such as to harass or to cause unnecessary delay or need.

Failure to abide by this rule requires the court to impose an "appropriate sanction," which may include reasonable expenses incurred because of the filing, including a reasonable attorney's fee.

Defendants are enmeshed in a web of their own construction. The Court does not agree with defendants' contention that "the judgment exercised when removing a case to federal court is independent from the judgment exercised in filing a subsequent motion to dismiss." Defendants offer no authority for the proposition that, having succeeded in removing the case, they can now seek its dismissal. This Court is of the

opinion that remand was the only course available to it, and then only if it appeared "the case was removed improvidently and without jurisdiction." 28 U.S.C. §1447(c). [Emphasis added]

Defendants' removal of the action to this Court was required to have been done in good faith. Their argument, one week later, that this Court had no jurisdiction calls into question defendants' good faith. And, following their argument through results necessarily in a finding that sanctions are warranted.

If defendants believed at the time they filed their removal petition that this Court lacked jurisdiction, the petition was not filed in good faith. If in fact they did believe at the time of filing that the petition was well-founded, their subsequent motion to dismiss appears questionable. Defendants did not argue that in the intervening week they discovered authority which led them reasonably to conclude this Court lacked jurisdiction. Had they done so, however, they would still run afoul of the Rule 11 requirement that their petition have been warranted by existing law. The Court concludes that the petition for removal and subsequent motion to dismiss were undertaken solely to delay this matter and harass plaintiffs.

Any difficulties or inconveniences defendants now claim are solely self-inflicted. Plaintiffs are directed to submit an affidavit in support of an award of costs and reasonable attorney's fees in regard to expenses incurred and time spent responding only to defendants' motion to dismiss.

596

IT IS SO ORDERED.

DATED this _____ day of June, 1986.

_____
JUDGE ALFRED LAURETA